UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRENDAN SYMANSKY,

                  Plaintiff,

   -against-

THE NEW YORK CITY POLICE DEPARTMENT

                 Defendant.
------------------------------------------------------------X

Index No: 19-5572

**COMPLAINT**
Jury Demanded

    The plaintiff, BRENDN SYMANSKY, by his attorney John J. Hession, Esq. of DOUGHERTY, RYAN & HESSION, LLP., as and for his Complaint, alleges upon information and belief as follows:

    1. The plaintiff is a disabled, decorated, former New York City Police Officer; a citizen of the United States of America, and a resident of the great state of New York, with his residence and address at 2397 Freeport Street, Wantagh, New York.

    2. The defendant is the municipal police force for the City of New York and an administrative agency of the City of New York.

    3. At all material times mentioned in the Complaint, the defendant was the plaintiff's employer and engaged in providing municipal police protection to the City of New York.

    4. Jurisdiction of this Honorable Court is invoked under Title 28 United States Court Annotated, Section 1343 (28 U.S.C. § 1343) and the proceeding authorized by Section 1983 of Title 42 (42 U.S.C. § 1983) to be commenced by any citizen of these United States to redress the deprivation under color of a state or municipal law, statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured by the Constitution of the United States.

    5. The plaintiff was a veteran New York City Police Officer in good standing and employed by the defendant, when on or about December 8, 2016, while off-duty, and in the confines of Nassau County, allegedly engaged in conduct prejudicial to the good order efficiency or discipline

of the New York City Police Department, by engaging in a verbal and physical confrontation with a follow police officer, Ms. Caitlin McNamara.

6. The defendant was arrested by the Nassau County Police Department and faced various disciplinary charges from the defendant as a result.

7. The plaintiff ultimately pled guilty only to disorderly conduct and was given a one year conditional discharge of all charges in Nassau County on March 23, 2018. The plaintiff did not plead guilty to any charge of domestic violence.

8. While on duty and in an altercation with a violent suspect, the plaintiff suffered a serious injury to his right shoulder that eventually led to the plaintiff being placed on Accidental Disability Retirement, effective as of August 9, 2018, for his "line of duty" injuries.

9. Upon retirement, a veteran New York City Police Officer is normally issued what is known as a "good guy" letter, that allows the officer to continue to carry a concealed weapon in retirement under what is known as "The Law Enforcement Officers' Safety Act of 2004" ("LEOSA"). This also often allows the officer to not only protect himself and his family from prior suspects and convicted felons, but also to be able to find post-retirement employment as an armed security guard.

10. Whether based upon retaliation for the plaintiff being granted the admittedly lucrative early disability pension, or the mistaken belief that the plaintiff had committed some act of domestic violence, a conviction for which would disqualify the plaintiff to carry a concealed weapon under LEOSA, the defendant wrongfully denied the plaintiff his right to continue to carry a concealed weapon and instead marked his identification card as "no firearms," despite the fact that the plaintiff did not plead guilty to any charge involving domestic violence.

11. The "no-firearms" label is in essence a "Scarlet Letter" that unfairly stigmatizes the plaintiff as an officer that had some kind of highly negative issue or a bad problem at the end of his

career, and after, stigmatizes the officer to the extent that he cannot find employment in the private security industry.

12. The defendant allowed other similarly situated officers who had been accused of similar charges to have their Internal Affairs investigation completed before they were put out on accidental disability and thus were approved to continue to carry a concealed weapon, but the defendant denied the plaintiff's right of due process, by not completing its investigation into any alleged charges, or performed an incomplete and improper investigation, in that they failed to note that the defendant did <u>not</u> plead guilty to any charge involving domestic violence.

13. The plaintiff was also damaged by not being allowed to remain in the employ of the defendant, NEW YORK CITY POLICE DEPARTMENT, until a complete and proper investigation of the false charges brought against him were completed, and thus would have continued to receive his normal rate of pay and accrue pension and retirement benefits, wh8ile the investigation was completed.

14. The plaintiff has also been damaged and his reputation and employment options damaged by having his identification as a former New York City Police Officer marked as "no firearms" and has lost employment as a result.

15. As a result of the conduct by the defendant as alleged above, the plaintiff has been damaged in the amount of Ten Million Dollars ($10,000,000)as near as can now be estimated representing past and future lost wages and damages to the plaintiff's reputation.

WHEREFORE, the plaintiff requests:

1. Judgment against the defendant in the amount of $10,000,000, with interest, costs and attorneys fees as allowed by law and such other and further relief as may be just and proper.

Dated: New York, New York
October 1, 2019

_____
John J. Hession
DOUGHERTY, RYAN & HESSION, LLP.
Attorneys for Plaintiff
250 Park Avenue – Seventh Floor
New York, New York 10177
Phone: 212-889-2300

TO: NEW YORK CITY POLICE DEPARTMENT
One Police Plaza Path
New York, New York 10007

The New York City Law Department
Corporation Counsel
233 Broadway
5th Floor
New York, New York 10007

4